42 F.3d 1391
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Richard SIELAFF, Plaintiff-Appellant,
v.
MILWAUKEE COUNTY, et. al., Defendants-Appellees,
 No. 93-3927.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 3, 1994.
Decided Nov. 30, 1994.
 
 Before PELL, COFFEY and EASTERBROOK, Circuit Judges.
 
 ORDER
 
 1
 Deputy Richard Sielaff brought this 42 U.S.C. Sec. 1983 action claiming he suffered retribution for statements he made when he requested a departmental transfer from his employer, the Milwaukee County Sheriff. The district court issued judgment as a matter of law for defendants pursuant to Fed.R.Civ.P. 50, holding that the transfer request did not constitute protected first amendment speech. On appeal, Sielaff argues the district court erred by excluding evidence of prior complaints Sielaff filed with the County Sheriff, and the district court erred as a matter of law in entering a directed verdict. We affirm.
 
 
 2
 We first consider Sielaff's argument that the district court erred as a matter of law in dismissing his suit. We review a Fed.R.Civ.P. 50 judgment as a matter of law de novo, considering the evidence in the light most favorable to the nonmoving party. Thompson v. Boggs, 33 F.3d 847 (7th Cir.1994). Sielaff claims that he was punished for the speech used in the transfer request, and that this speech was constitutionally protected by the first amendment. Connick v. Myers, 461 U.S. 138, 146 (1983); Auriemma v. Rice, 910 F.2d 1449, 1460 (7th Cir.1990). However, speech relating to internal office matters is not constitutionally protected speech because it does not address matters of public concern. Connick, 461 U.S. at 143, 149 (to determine if the speech were public, the court should analyze the plaintiff's purpose in bringing the suit); Yatvin v. Madison Metropolitan School District, 840 F.2d 412, 420 (7th Cir.1988). Sielaff's transfer request undiplomatically stated that he viewed his supervisor "as an arrogant, vindictive, threatening and egotistical individual" who demeans his subordinates; and concluded that it had become "painfully obvious [that] one of us ... must leave the Traffic Bureau and it most likely will not be [the supervisor, therefore] I am forced to request this transfer." Sielaff did not publicly air his concerns or invite public discussion on improving department policy. Instead, Sielaff sought to vent his own feelings about his superiors, or was guided by an interest in being transferred to a new department. See Smith v. Fruin, 28 F.3d 646, 652-53 (7th Cir.1994); Yatvin, 840 F.2d at 420; Linhart v. Glatfelter, 771 F.2d 1004, 1010 (7th Cir.1985). Because the request did not address matters of public concern, the speech was not protected by the first amendment.
 
 
 3
 Sielaff also argues the district court erred by excluding evidence of prior occasions in 1987 and 1988 when Sielaff criticized the Department. We review a district court's decision to admit or exclude evidence on the grounds of relevance only for an abuse of discretion. Williams v. Jader Fuel Co., 944 F.2d 1388, 1403 (7th Cir), cert. denied, 112 S.Ct. 2306 (1992). Relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed.R.Evid. 401.
 
 
 4
 Sielaff offered the evidence to establish a history of complaints against departmental policies and to place in context his statements in the transfer request. Transcript, Nov. 8, 1993 at 9. Though this evidence may be relevant to establish motive, motive is irrelevant to whether Sielaff's comments were protected by the first amendment. See Fed.R.Civ.P. 61. Sielaff was unable to fulfill his production burden in proving that his speech was constitutionally protected, therefore the district court correctly dismissed the suit.
 
 
 5
 AFFIRMED.
 
 
 6
 ---------------
 
 
 
 * After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and record.